# Order

Michigan Supreme Court
Lansing, Michigan

June 13, 2008

135029

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

NATHANIAL KYSER, PERSONAL
REPRESENTATIVE OF THE ESTATE
OF EDITH KYSER, DECEASED,
    Plaintiff-Appellee,

v

DETROIT MEDICAL CENTER and
DR. FRANCO ATTANASIO,
    Defendants-Appellants.

SC: 135029
COA: 276871
Wayne CC: 06-607231-NH

_____/

On order of the Court, the application for leave to appeal the August 30, 2007 order of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REMAND this case to the Court of Appeals for consideration as on leave granted.

CORRIGAN, J., concurs and states as follows:

I concur with the order remanding this case to the Court of Appeals for consideration as on leave granted. I write separately to ask that the Court of Appeals consider, among the issues to be addressed, the legal significance of the appointment of a guardian after the malpractice claim accrued and after decedent Edith Kyser became mentally incapacitated. The insanity saving provision, MCL 600.5851(1), provides:

> Except as otherwise provided in subsections (7) and (8), if the person first entitled to make an entry or bring an action under this act is under 18 years of age or insane at the time the claim accrues, the person or those claiming under the person shall have 1 year after the disability is removed through death *or otherwise*, to make the entry or bring the action although the period of limitations has run. This section does not lessen the time provided for in section 5852. [Emphasis added.]

The legal significance of the "or otherwise" language in MCL 600.5851(1) seems to relate to a guardian's authority to bring suit on behalf of the incapacitated person. Specifically, the relevant question is whether the disability was "otherwise" removed when plaintiff was appointed decedent's guardian and was authorized to commence an action on decedent's behalf.

CAVANAGH and KELLY, JJ., would deny leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 13, 2008

p0610

_____
Clerk